PATERNO CONSTRUCTION COMPANY, Landlord, *v.* MAUR-
ICE RENTNER, Tenant.

(Municipal Court of the City of New York, Borough of Manhattan,
Fifth District, October, 1921.)

Summary proceedings — payment by tenant of successive install-
ments of rent an admission that lease is not oppressive or
rent excessive — housing statutes.

Where in a summary proceeding brought to recover posses-
sion of an apartment it appears that the tenant did not avail
himself of his statutory right to claim that the rent was ex-
cessive until after he had made eight successive payments of
rent under the lease, his action will be construed as a conclusive
admission that the lease was not oppressive and that he con-
sidered the rent reasonable. The housing statutes are intended
as a shield against oppression and not as an aid to repudiation.

SUMMARY proceedings.

Harrie C. Manheim, for landlord.

Isadore Cohen, for tenant.

GENUNG, J.  This is a summary proceeding brought to recover possession of an apartment located at No. 300 West End avenue, for non-payment of rent under a written lease.  The parties entered into the lease in April, 1920, for a term of five years, commencing October 1, 1920.  The demised premises consist of an apartment of twelve rooms and four baths; the rent reserved in the lease is at the rate of $9,600 per annum, payable in equal monthly installments in advance.

The tenant has occupied the premises since October 1, 1920.  He paid the rent reserved in the lease successively each month from October, 1920, to and including June, 1921, a period of eight months.  He resisted the payment of the July and August rent upon the statutory plea that the rent is unjust and unreasonable, and the agreement under which the same is sought to be recovered is oppressive.  A bill of particulars was filed pursuant to statute, and, it appearing that the rent demanded is greater than the rent of the apartment one year prior to the agreement, the presumption is raised that the rent is excessive.  This presumption, however, is not conclusive, but may be rebutted by competent proof.

The tenant did not avail himself of his statutory right to claim that the rent was excessive until after he had made eight successive payments under the lease.  Each of such payments was an admission that he considered the rent reasonable.  *B. & S. Realty Corp.* v. *Wald,* 187 N. Y. Supp. 436.  After eight such admissions the conclusion seems irresistible either that the tenant had never entertained or, if so, that he had abandoned any intention of contesting the lease.  The tenant rested on the landlord's case, and was not called as a witness on his own behalf to explain why he made the payments.  Acquiescence in an agreed rental for eight months after the tenant had the right

to complain, especially when such delay is unexplained, must be construed as a conclusive admission by the tenant that the agreement is not oppressive.

The testimony shows that the assessed valuation of the property for the year 1920 was $840,000, and for the year 1921 was $1,000,000; the property is subject to a mortgage of $625,000; the income from the property for the year was $144,585.44, and the expenses for the year were $108,609.13, leaving a net income of $35,976.31.

From all the evidence submitted I find as a fact that the rent reserved in the lease is not excessive, and that the agreement under which the same is demanded is not oppressive.

The legislature has enacted that payment by the tenant of three months' rent shall be a bar to the claim of oppression (Laws of 1921, chap. 434); but while that statute is not applicable to this proceeding, it shows an intention not to permit tenants indefinitely to sleep on their rights. The housing statutes were intended as a shield against oppression, but not as an aid to repudiation.

A final order is, therefore, granted in favor of the landlord with five days' stay.

Ordered accordingly.