166 West 87th Street Corporation, Plaintiff, *v.* William C. Newland, David Marks and Others, Defendants.

City Court of the City of New York, December, 1922.

Landlord and tenant — city of New York — failure of defendants to make deposit — answers stricken out — when answers may be served as upon a default.

In an action for rent in which the tenants had failed to make the deposit required by section 6 of chapter 454 of the Laws of 1921, their answers containing denials and defenses tending to raise the issue of the reasonableness of the rent demanded were stricken out. *Held,* that motions for leave to serve answers as upon a default in pleading will be granted upon payment of costs and the making of the statutory deposit.

Motion for permission to serve answers.

*Alexander & Ash,* for plaintiff.

*Alexander Coblitz,* for defendant Newland.

*Glasser & Rohrlich,* for defendant Marks.

Wendel, J. This is an action by a landlord against tenants for rent. The defendants served their answers herein in which they raised the issue of reasonableness and fairness of the rent sued for, but failed to comply with the requirements of the statute (Laws of 1921, chap. 434, § 6, Emergency Rent Laws) in that they did not make the deposit therein required. Upon motion said answers were stricken out in their entirety, as they contained only the denials and defenses tending to raise said issue. The defendants now take the position that they are in default for pleading and ask leave to serve their answers herein. *Milton Holding Corp. v. Gross,* 193 N. Y. Supp. 75. As the defendants in good faith The issue with plaintiff they should be given their day in court. take view urged by plaintiff that defendants, having failed to make

the deposit as required by statute, the right to do so is gone forever does not meet with the favorable consideration of the court; nor is there a ruling of an appellate court to sustain plaintiff's point. The statutory obligation on the defendant, raising the issue of reasonableness and fairness in an action for rent, to make the specified deposit, is of no greater force nor does non-compliance therewith carry more dire results than in the case of the failure of a landlord, suing for rent, to file a bill of particulars. Laws of 1921, chap. 434, § 2. Remissness in this respect on the part of the landlord has been condoned and the default opened and permission granted to file the bill required by statute. *1217–1219–1221 Madison Ave. Corp.* v. *Hyman,* 192 N. Y. Supp. 899. The tenant, in a proper case, should also be relieved of his default in making the deposit required by statute. *Paterno Const. Co.* v. *Rentner,* 116 Misc. Rep. 642. These motions are, therefore, granted upon condition that, on or before December 13, 1922, said defendants pay ten dollars costs each, serve their proposed answers and make the statutory deposits.

Orders signed.

Ordered accordingly.